IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK L. FRANKS, | ) |
| | ) Civil Action No. 2:14-cv-1733 |
| Plaintiff, | ) |
| | ) Judge David Stewart Cercone |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| | ) |
| ZORRAINE M. WAGUESPACK, et al., | ) ECF No. 20 |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER ON PLAINTIFF'S MOTION
TO AMEND COMPLAINT TO ADD NEW PARTIES AND CLAIMS**

Currently pending before this Court is Plaintiff's Motion to Amend the Complaint to Add New Parties and Claims (ECF No. 20) pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20 ("Motion to Amend"). In support, Plaintiff submits that the circumstances have changed since he filed his original Complaint on December 23, 2014, and he has since been made aware of actions taken by Mary B. Adamczyk, Mary E. Heck Barrios, and Lori K. Stevens, which allegedly violated his constitutional rights under 42 U.S.C. §1985. As such, he seeks to add these individuals as named Defendants in this action, and to add a civil rights conspiracy claim under Section 1985. Because he has only recently been made aware of the full actions taken by these individuals and has moved expeditiously to find additional defendants and file the

Motion to Amend,[1] Plaintiff maintains that no evidence exists to show that the Motion to Amend was filed as a result of bad faith, dilatory motives, unexplained delay, or any other reason justifying denial of the Motion to Amend. Thus, in the absence of undue prejudice to Defendants and in the interests of justice, Plaintiff requests that his Motion to Amend be granted.

On March 23, 2015, the Court entered an order directing that any responses to the Motion to Amend be filed by April 10, 2015. To date, only Title IV-D Legal Services Unit has filed a response objecting to the Motion to Amend (ECF No. 22). For the reasons set forth below, the Court will deny Plaintiff's Motion to Amend.

## Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." In *Foman v. Davis,* the Supreme Court delineated the grounds that would justify denying leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment". *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is within the sound discretion of the district court; however, failure to provide a reason for denying leave to amend is considered an abuse of that discretion. *Id.*; *see also In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Foman, supra*).

---

[1] Plaintiff filed his Motion to Amend on March 20, 2015.

Our Court of Appeals has interpreted this language to mean that prejudice to the non-moving party is the touchstone for the denial of an amendment. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment. *Id.* (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir.1981), *cert. denied*, 455 U.S. 1018 (1982).

In determining whether the proposed amendment would be futile, courts apply the same standard as that applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir. 2000) (citation omitted). That standard, as recently articulated by the court of appeals, provides:

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v.*

3

> *Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

### **Defendants Title IV-D Legal Services Unit & Alexander P. Bicket**

Defendant Title IV-D Legal Services Unit has filed a response opposing Plaintiff's Motion to Amend, arguing that the proposed amendment would (1) be futile and (2) result in an undue delay and/or prejudice. Defendant Alexander P. Bicket ("Judge Bicket") did not file a response to Plaintiff's Motion to Amend.

The Court finds that it would be futile to allow the proposed amendment as to Title IV-D Legal Services Unit and Judge Bicket. In the Report and Recommendation filed on August 11, 2015 (ECF No. 23), the Court recommended that the motions to dismiss filed by Defendants Title IV-D Legal Services Unit and Judge Bicket be granted with prejudice. In so doing, the Court conducted a futility analysis and concluded that it would be futile to allow Plaintiff to amend his Complaint as to these Defendants, as they are immune from suit under the Eleventh Amendment. *See* ECF No. 23 at 26-27. This analysis applies equally to the Motion to Amend, and therefore, the Motion to Amend will be denied as to Defendants Title IV-D Legal Services Unit and Alexander P. Bicket.

### **Proposed New Parties – Mary B. Adamczyk, Mary E. Heck Barrios & Lori K. Stevens**

Title IV-D Legal Services Unit has filed a response opposing Plaintiff's request to add Mary B. Adamczyk, a Title IV-D solicitor, as a party defendant in this action. In

support, Title IV-D Legal Services Unit argues that Plaintiff has failed to state a civil rights conspiracy claim under 42 U.S.C. §§ 1985(2) or (3), as the proposed first amended complaint fails to assert any facts to show or suggest that the alleged conspiracy against him was motivated by racial or class based discriminatory animus. The Court agrees.

In order "[t]o state a claim under §§ 1985(2) or (3), a plaintiff must allege four things: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 84 (3d Cir. 2014) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Nowhere in the proposed first amended complaint does Plaintiff aver any facts to show or suggest that the alleged conspirators acted to deprive Plaintiff of a constitutional right because of a racial or class-based discriminatory animus. As such, the proposed section 1985 conspiracy claim is legally insufficient under Rule 12(b)(6). *See, e.g., McArdle v. Hufnagel*, 588 F. App'x 118, 120-21 (3d Cir. 2014); *Mendez v. New Jersey State Lottery Comm'n,* 532 F. App'x 41, 45 (3d Cir. 2013). Therefore, it would be futile to allow Plaintiff to amend his complaint to add the civil rights conspiracy claim under section 1985 as pled in the proposed first amended complaint. Moreover, because the Section 1985 claim is legally

5

deficient, it would be futile to allow Plaintiff to add the alleged conspirators, Mary Adamczyk, Mary E. Heck Barrios,[2] and Lori K. Stevens, as defendants.

Although it would be futile to allow Plaintiff to file the proposed first amended complaint as drafted with regard to the Section 1985 conspiracy claim and alleged conspirators, it is unclear whether Plaintiff may be able to assert a plausible Section 1985 claim. Therefore, the Court will deny the motion to amend, but will give Plaintiff one last opportunity to file another motion to amend with a newly drafted proposed amended complaint.

## Defendant Zorraine M. Waguespack

Defendant Waguespack has not filed a response to Plaintiff's Motion to Amend. However, she has filed a motion to dismiss the original Complaint (ECF No. 15), and in her brief in support thereof, she submits that the motion to dismiss should be granted with prejudice because amendment to state a claim would be futile. *See* ECF No. 16 at 4. The Court agrees with Defendant Waguespack that it would be futile to allow Plaintiff to amend his claims against her, because as this Court found in the Report and Recommendation filed on August 11, 2015 (ECF No. 24), Plaintiff's claims against Defendant Waguespack are barred by the *Rooker-Feldman* doctrine, thus divesting this Court of subject matter jurisdiction. Accordingly, the Court will deny the Motion to Amend as to Defendant Waguespack.

---

[2] Plaintiff alleges that Mary E. Heck Barrios is a Louisiana attorney representing Lori K. Stevens, his ex-spouse.

### Scott M. Perrilloux

Defendant Perrilloux has not filed a response to Plaintiff's Motion to Amend, and although being served with the original Complaint on December 26, 2014, *see* [ECF No. 8](#), and thus, required to file an answer to the Complaint by January 16, 2015, Defendant Perrilloux has yet to respond in any fashion. Without the benefit of any response from Defendant Perrilloux, the Court is unable to determine, with any certainty, whether it would be futile to allow the amendment. However, the proposed first amended complaint cannot be filed as drafted. Therefore, giving Plaintiff the benefit of the doubt, the Court will deny the motion to amend, but will allow Plaintiff one last opportunity to submit another motion for leave to amend the complaint with a copy of his newly drafted proposed amended complaint setting forth his claims against District Attorney Scott M. Perrilloux.

Accordingly, the Court enters the following Order:

**AND NOW,** this 11th day of August, 2015, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Complaint to Add New Parties and Claims ([ECF No. 20](#)) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may submit another motion for leave to amend the Complaint attaching a newly drafted proposed amended complaint setting forth his claims against Defendant Scott M. Perrilloux and/or a plausible [Section](#)

1985 conspiracy claim, within 10 days from the date the District Judge enters an order on the Reports & Recommendations (ECF Nos. 23 & 24).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: Jack L. Franks, Esquire
*Pro Se Plaintiff*
*Via CM/ECF Electronic Mail*

All Counsel of Record
*Via CM/ECF Electronic Mail*